UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHEREE DOUTHIT, )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>)<br>INDIANA UNIVERSITY HEALTH, INC. D/B/A )<br>RILEY HOSPITAL FOR CHILDREN AT IU HEALTH, )<br>)<br>*Defendant*. ) | No. 1:20-cv-03165-JMS-MJD |

## ORDER

Plaintiff Sheree Douthit is a former employee of Defendant Indiana University Health, Inc. d/b/a Riley Hospital for Children at IU Health ("IU Health"), and initiated this litigation in December 2020 asserting claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981. On April 11, 2022, the parties attended a settlement conference before then-Magistrate Judge Doris Pryor[1] and reached a settlement of all of Ms. Douthit's claims. [Filing No. 56.] Subsequently, Ms. Douthit sought to rescind her agreement to settle and also terminated her relationship with her attorney. IU Health then filed a Motion to Enforce the Settlement Agreement and Award Attorneys' Fees, [Filing No. 62], the Court referred the motion to Magistrate Judge Pryor for a Report and Recommendation, [Filing No. 72], and Magistrate Judge Pryor issued a Report and Recommendation on August 18, 2022, [Filing 73]. Ms. Douthit has filed an Objection to Order Referring Motion, [Filing No. 74], and a "Complaint and Request for Injunction," [Filing No. 75]. IU Health's Motion to Enforce

---

[1] Then-Magistrate Judge Pryor was elevated to the Seventh Circuit Court of Appeals on December 9, 2022. For ease of reference, however, the Court will refer to her as Magistrate Judge Pryor throughout this Order.

Settlement Agreement and Ms. Douthit's Objection to the Report and Recommendation and "Complaint and Request for Injunction" are all ripe for the Court's consideration.

## I.
### Ms. Douthit's Objection to Order Referring Motion

#### A. Standard of Review

Federal Rule of Civil Procedure 72(b)(3) provides that the Court will review recommendations on dispositive motions – as is IU Health's Motion to Enforce Settlement Agreement – *de novo*. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3). Although no deference is owed to a magistrate judge's recommendation under the *de novo* standard, *Blake v. Peak Prof. Health Servs. Inc.*, 1999 WL 527927, *2 (7th Cir. 1999), it is important to remember that this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). As the Seventh Circuit Court of Appeals has observed, "there are good reasons for the rule," even in the context of *de novo* review. *Id.* Failure to fully develop arguments before the magistrate judge may prejudice a party, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id.*

#### B. Background

Ms. Douthit – who is now proceeding *pro se* – was represented by counsel when she initiated this litigation on December 10, 2020. [*See* Filing No. 1.] On April 11, 2022, Ms. Douthit, her counsel, and counsel for IU Health appeared for a settlement conference before Magistrate Judge Pryor. [Filing No. 56.] The parties reached a settlement of all of Ms. Douthit's claims at the settlement conference, and Magistrate Judge Pryor issued a Minute Entry stating that a

settlement had been reached and vacating all deadlines, schedules, and conferences. [Filing No. 56.] Magistrate Judge Pryor ordered the parties to file a stipulation of dismissal within thirty days. [Filing No. 56.]

On April 18, 2022, Ms. Douthit, through her counsel, filed a Motion for In Person Status Conference in which she stated that she had "recently expressed a desire to rescind the settlement agreement and [had] not signed the remaining settlement documents," and requested that an in-person status conference be held to address the matter. [Filing No. 57.] Magistrate Judge Pryor granted the motion and set an in-person status conference for June 1, 2022. [Filing No. 58.] The day after the status conference, Ms. Douthit's counsel filed a Motion to Withdraw Attorney Appearance in which she stated that there had been a "breakdown of the attorney-client…relationship," which the Court granted. [Filing No. 59; Filing No. 63.]

On June 10, 2022, IU Health filed its Motion to Enforce Settlement Agreement, which the Court referred to Magistrate Judge Pryor for a Report and Recommendation. [Filing No. 62; Filing No. 72.] Magistrate Judge Pryor issued her Report and Recommendation on August 18, 2022, recommending that the Court grant IU Health's Motion to Enforce Settlement Agreement, but decline to award attorneys' fees to IU Health. [Filing No. 73.] Ms. Douthit filed her Objection on September 2, 2022. [Filing No. 74.][2]

---

[2] IU Health argues that Ms. Douthit's Objection is untimely because she objects to the Court's referral of the Motion to Enforce Settlement Agreement, which took place on August 17, 2022, so she was required to object within 14 days – or by August 31, 2022. [Filing No. 79 at 1.] It also notes that even if she is objecting to the substance of Magistrate Judge Pryor's Report and Recommendation, that was issued on August 18, 2022, so her deadline for objecting was September 1, 2022. [Filing No. 79 at 1.] The Court agrees that Ms. Douthit's Objection appears to have been filed, at the least, one day late. *See* Fed. R. Civ. P. 72(b)(2). Because it prefers to decide matters on the merits, however, the Court will accept the Objection despite its tardiness.

### C. Discussion

#### 1. *IU Health's Motion to Enforce Settlement Agreement*

In support of its Motion to Enforce Settlement Agreement, IU Health argued that Ms. Douthit bases her desire to rescind her agreement to settle on her belief that her attorney did not zealously represent her, on her discovery of additional information that led her to believe she could have obtained a better settlement, and on two provisions in the Settlement Agreement (although she could not articulate any material differences between the Settlement Agreement she signed at the settlement conference before Magistrate Judge Pryor and the copy of the Settlement Agreement she received the following day from her counsel). [Filing No. 62 at 3.] IU Health asserted that Ms. Douthit entered into the Settlement Agreement knowingly and voluntarily, and that she does not claim that any fraud or mistake occurred. [Filing No. 62 at 4.] It noted that Ms. Douthit is "a fully[] functional individual with no alleged disability that would inhibit her ability to knowingly and voluntarily enter into the contract," that she received the Settlement Agreement in the presence of Magistrate Judge Pryor and discussed it with her counsel, and that she executed the Settlement Agreement at the settlement conference. [Filing No. 62 at 4.] It contended that the fact that she has had a change of heart is not a basis for allowing her to rescind the Settlement Agreement. [Filing No. 62 at 4-5.]

In her response, Ms. Douthit argued that the settlement was the result of fraud and mistake because she was pressured into signing the Settlement Agreement, IU Health mischaracterized her claims and made misrepresentations, and IU Health "produced or failed to produce discovery in which consideration was being valued and determined." [Filing No. 69 at 5-7.] She asserted that the Settlement Agreement was unconscionable and against public policy because there was no meeting of the minds, and questioned what certain provisions of the Settlement Agreement mean

4

(including the released parties provision, the confidentiality clause, and the "no future association" clause). [Filing No. 69 at 7-11.] Ms. Douthit contended that she did not foreclose her right to rescind the Settlement Agreement, did not request an in-person settlement conference, and was under duress at the settlement conference. [Filing No. 69 at 11-13.] Finally, Ms. Douthit argued that Magistrate Judge Pryor lacked jurisdiction to assist with settling the case. [Filing No. 69 at 13.]

In its reply, IU Health argued that there is no evidence of misrepresentation, fraud, or mistake; Ms. Douthit was represented by counsel at the settlement conference; and she received a copy of the Settlement Agreement, revised it, and executed it in the presence of Magistrate Judge Pryor. [Filing No. 71 at 3.] IU Health noted that Ms. Douthit argued that it misrepresented the facts of the case, but she points to IU Health's position set forth in the Case Management Plan and "it is hardly surprising [IU Health's] synopsis differs from [Ms. Douthit's]." [Filing No. 71 at 3-4.] IU Health argued further that the Settlement Agreement is not unconscionable or against public policy, that it contains common provisions relating to the released parties and confidentiality, and that Ms. Douthit agreed to the inclusion of the "no future association" clause – which leaves her free to work for any entity other than IU Health. [Filing No. 71 at 4-5.] IU Health asserted that Ms. Douthit does not have the legal right to rescind the Settlement Agreement and that Magistrate Judge Pryor had jurisdiction to preside over the settlement conference. [Filing No. 71 at 5.]

    *2. Magistrate Judge Pryor's Report and Recommendation*

In her Report and Recommendation, Magistrate Judge Pryor recommended that the Court conclude that the Settlement Agreement was a valid contract because it provided that IU Health would pay Ms. Douthit a certain amount for the dismissal of the case, Magistrate Judge Pryor discussed the terms of the Settlement Agreement with Ms. Douthit and her counsel, and Magistrate

Judge Pryor's staff gave the original signed Settlement Agreement to IU Health and copies to Ms. Douthit and her counsel. [Filing No. 73 at 4-5.] Magistrate Judge Pryor also recommended that the Court find that Ms. Douthit entered into the Settlement Agreement knowingly and voluntarily because buyer's remorse is not a valid reason to find the Settlement Agreement unenforceable, Ms. Douthit was represented by counsel at the settlement conference and discussed the case extensively with Magistrate Judge Pryor, IU Health's counsel had no contact with Ms. Douthit during the settlement conference so could not have pressured her to sign the Settlement Agreement, and the Settlement Agreement states numerous times that Ms. Douthit was explained the terms and was entering into the Settlement Agreement voluntarily. [Filing No. 73 at 7-8.] Magistrate Judge Pryor noted that Ms. Douthit complains about her counsel's conduct, but her remedy is a malpractice action and not invalidating the Settlement Agreement. [Filing No. 73 at 8-9.] She also rejected Ms. Douthit's argument that the terms of the Settlement Agreement are unconscionable, noting that Ms. Douthit has not presented evidence that she was under fraud or duress or of unsound mind when she signed the Settlement Agreement, and found that Ms. Douthit's arguments regarding the terms of the Settlement Agreement and the "no future association" clause were without merit. [Filing No. 73 at 10-11.] Magistrate Judge Pryor further found that Ms. Douthit had not presented any authority indicating that Magistrate Judge Pryor was not authorized to preside over the settlement conference. [Filing No. 73 at 11-12.] Finally, Magistrate Judge Pryor recommended that the Court decline to award IU Health its attorneys' fees and costs incurred in connection with the Motion to Enforce Settlement Agreement because it had not developed its argument. [Filing No. 73 at 12-13.]

3. *Ms. Douthit's Objection*

Ms. Douthit argues in her Objection that the Motion to Enforce Settlement Agreement was improperly referred to Magistrate Judge Pryor for a Report and Recommendation. [Filing No. 74 at 1-2.] Specifically, she argues that she was not provided with proper notification of the referral, giving her the option to consent or withhold consent to the referral. [Filing No. 74 at 2.] She also appears to argue that she was not provided with the opportunity to consent or withhold consent to Magistrate Judge Pryor presiding over the settlement conference, stating "more importantly, the parties (or Plaintiff) should have been advised on 4/11/22 during the settlement conference/mediation that notification was available and that withholding such consent would not affect the parties." [Filing No. 74 at 2.]

IU Health argues in its response to Ms. Douthit's Objection that Ms. Douthit does not provide any legal authority to support her Objection and that she "misunderstands the Court's jurisdiction and the procedural process as it relates to [Magistrate] Judge Pryor's involvement in pre-trial proceedings." [Filing No. 79 at 1-2.]

4. *The Court's Ruling*

At the outset, the Court finds that Ms. Douthit only objects to Magistrate Judge Pryor's authority to preside over the settlement conference and to issue a Report and Recommendation on IU Health's Motion to Enforce Settlement Agreement, and not to the substance of the Report and Recommendation. Accordingly, the Court need only consider those issues. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

First, the Court finds that Magistrate Judge Pryor properly presided over the settlement conference. Magistrate judges routinely handle pre-trial matters, including holding settlement conferences, and are authorized to do so. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b).

Second, the Court properly referred the Motion to Enforce Settlement Agreement to Magistrate Judge Pryor for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) provides:

> [A] judge may…designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) [which includes dispositive motions such as motions for judgment on the pleadings and for summary judgment, among others].

Further, Federal Rule of Civil Procedure 72(b)(1) specifically authorizes a magistrate judge to "promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense…. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." The Court designated Magistrate Judge Pryor to issue a Report and Recommendation on IU Health's Motion to Enforce Settlement Agreement pursuant to § 636(b)(1)(B). [*See* Filing No. 72.] Contrary to Ms. Douthit's belief, the Court was not required to obtain Ms. Douthit's consent before designating Magistrate Judge Pryor to provide a Report and Recommendation. The Court was authorized to refer the motion to Magistrate Judge Pryor and Magistrate Judge Pryor was authorized to issue her Report and Recommendation.

Although Ms. Douthit does not object to the substance of Magistrate Judge Pryor's Report and Recommendation, the Court also notes that it agrees with the thorough and well-reasoned substantive conclusions contained therein. Specifically, the Court agrees that the Settlement Agreement is a valid contract, and that Ms. Douthit has not shown that her consent to settle was

8

anything but voluntary or that the terms of the Settlement Agreement were somehow unconscionable. The Court notes that Ms. Douthit was represented by counsel at the settlement conference (and up to that point in the litigation), that the settlement conference lasted almost five hours and involved extensive discussions between Ms. Douthit and Magistrate Judge Pryor, that Ms. Douthit was capable of understanding the Settlement Agreement based on her educational and work experience, and that the Settlement Agreement (of which Ms. Douthit was provided a copy at the end of the settlement conference) is clear and contains standard terms. It appears that Ms. Douthit has simply changed her mind, and seeks to blame her counsel. But a change of heart does not give a party the right to rescind an agreement to settle, *see Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986) ("[A] party to a settlement cannot avoid the agreement merely because [she] subsequently change[d] [her] mind."), and rescission of the Settlement Agreement is not the proper recourse for Ms. Douthit's complaints regarding her counsel. The Court also agrees with Magistrate Judge Pryor, however, that IU Health did not develop its argument that it is entitled to attorneys' fees and costs in connection with bringing the Motion to Enforce Settlement Agreement.

Because Magistrate Judge Pryor was authorized to preside over the settlement conference and to issue a Report and Recommendation on IU Health's Motion to Enforce Settlement Agreement, and since the Court agrees with Magistrate Judge Pryor's conclusions set forth in the Report and Recommendation, the Court **OVERRULES** Ms. Douthit's Objection, [Filing No. 74], **ADOPTS** Magistrate Judge Pryor's Report and Recommendation, [Filing No. 73], and **GRANTS IN PART** IU Health's Motion to Enforce Settlement Agreement to the extent it finds that the Settlement Agreement is enforceable and that this case will be dismissed upon satisfaction of the terms of the Settlement Agreement, but **DENIES IN PART** IU Health's Motion to Enforce

Settlement Agreement to the extent it finds that IU Health is not entitled to attorneys' fees and costs incurred in connection with bringing the Motion to Enforce Settlement Agreement, [Filing No. 62].

## II.
### COMPLAINT AND REQUEST FOR INJUNCTION

On September 6, 2022, Ms. Douthit filed a document titled "Complaint and Request for Injunction." [Filing No. 75.] In her filing, Ms. Douthit appears to name Magistrate Judger Pryor as a Defendant; lists the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as the basis for jurisdiction; and complains regarding the settlement conference (specifically, that her cell phone was taken from her and then powered on before it was given back to her) and regarding various terms of the Settlement Agreement.

To the extent Ms. Douthit intends for her "Complaint and Request for Injunction" to be an objection to Magistrate Judge Pryor's Report and Recommendation, it is **OVERRULED** as untimely because it was filed five days after the fourteen-day deadline to object to the Report and Recommendation had expired. To the extent Ms. Douthit intends for her "Complaint and Request for Injunction" to be an Amended Complaint seeking a "temporary" or preliminary injunction, it is **DISMISSED** and any request for a "temporary" or preliminary injunction is **DENIED**, as the Court has found that Ms. Douthit is bound by the Settlement Agreement and, consequently, this litigation is over. [Filing No. 75.]

## III.
### CONCLUSION

Based on the foregoing reasons, the Court **ORDERS** as follows:

- Ms. Douthit's Objection, [74], is **OVERRULED**;

- The Court **ADOPTS** Magistrate Judge Pryor's Report and Recommendation, [73];

10

- IU Health's Motion to Enforce Settlement Agreement, [62], is **GRANTED IN PART** to the extent that the Court finds that the Settlement Agreement is enforceable and this case will be dismissed upon satisfaction of the terms of the Settlement Agreement;

- IU Health's Motion to Enforce Settlement Agreement, [62], is **DENIED IN PART** to the extent that the Court finds that IU Health is not entitled to attorneys' fees and costs incurred in connection with bringing the Motion to Enforce Settlement Agreement; and

- Ms. Douthit's "Complaint and Request for Injunction" is **OVERRULED** to the extent Ms. Douthit intends for it to be an objection to Magistrate Judge Pryor's Report and Recommendation, is **DISMISSED** to the extent Ms. Douthit intends for it to be an Amended Complaint, and is **DENIED** to the extent Ms. Douthit seeks a "temporary" or preliminary injunction.

Within **thirty days** of this Order, upon completing its obligations under the terms of the Settlement Agreement Defendant IU Health may certify its completion and file a motion to dismiss this case.

Date: 12/22/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Sheree Douthit
4585 Chase Oak Court
Zionsville, IN 46077